**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| **CALANTHA ALLEN, individually, and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SUPERB SHIFTS,**<br><br>**Defendant.** | **4:26CV3235**<br><br>**ORDER FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL** |
| **GRETCHEN MADDOX, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SUPERB SHIFTS INC.,**<br><br>**Defendant.** | **8:26CV409**<br><br>**ORDER FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL** |
| **AHMIAH WILLINGHAM, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SUPERB SHIFTS INC.,**<br><br>**Defendant.** | **8:26CV418**<br><br>**ORDER FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL** |

This matter is before the Court on Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel (Filing No. 9 in Case No. 4:26CV3235) filed by the plaintiffs in the above-captioned cases. The plaintiffs seek consolidation of these related cases, as well as any

subsequently filed or transferred related actions, for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The plaintiffs further request appointment of interim co-lead class counsel to collectively lead this litigation.

## I. Consolidation

The plaintiffs seek consolidation of the above-captioned cases, as well as any subsequently filed or transferred related actions, for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Defendant, Superb Shifts Inc., is "a healthcare workforce technology and staffing company that uses an AI-powered platform to help care providers onboard and credential workers and fill PRN and full-time staffing needs, including CNAs, RNs, and caregivers." (Filing No. 1 in Case No. 8:26CV409). On or around March 28, 2026, Defendant became aware of a cyber security incident where an unauthorized actor accessed Defendant's network and systems, resulting in the unauthorized access of the plaintiffs' sensitive personal information, including names, dates of birth, medical information, driver's license numbers, Social Security number, and electronic signature. On July 31, 2026, Defendant began sending Notice of Security Incident letters to victims of the Data Breach, informing them that their Private Information had been exfiltrated in the Data Breach. The plaintiffs and putative class members are individuals affected by this Data Breach, and have brought claims arising out of Defendant's failure to properly safeguard and securely maintain their personally identifiable information and protected health information, including causes of action for common law negligence, negligence per se, unjust enrichment, breach of fiduciary duty, among other causes of action.

After review of the pleadings, motion, and accompanying brief and attachments, the Court finds consolidation pursuant to Fed. R. Civ. P. 42(a) is warranted. The plaintiffs' claims all arise out of the same data breach, contain overlapping causes of action, and seek to represent the same class of individuals (the exact number being unknown, but consisting of potentially "thousands"). The plaintiffs also allege Defendant breached the same or similar common law and statutory duties, thereby allowing the Data Breach to occur, and also seek the same type of remedies and compensation. Thus, all of the above-captioned actions will involve common questions of law and fact. See Fed. R. Civ. P. 42(a) (permitting a court to consolidate actions "involv[ing] a common question of law or fact"). As such, consolidation will promote judicial efficiency, conserve the parties' and court's resources, and will avoid duplicative discovery and inconsistent

court rulings.

The plaintiffs have proposed consolidating the above-captioned actions into the first filed action, *Allen v. Superb Shifts,* Case No. 4:26-cv-03235-SMB-MDN, under the new title "*In re Superb Shifts Inc. Data Privacy Incident*"; thereafter, the plaintiffs propose filing a Consolidated Amended Complaint. (Filing No. 9-1 at p. 20 in Case No. 4:26CV3235). This Court has granted similar motions after finding consolidation will streamline proceedings under similar circumstances. See, e.g., *In re Reg'l Care Data Sec. Incident Litig.*, No. 4:24CV3236, 2025 WL 675056 (D. Neb. Mar. 3, 2025); *Schultz v. TD Ameritrade, Inc.*, No. 8:23CV375, 2023 WL 6621073, at *1 (D. Neb. Oct. 11, 2023). In consideration of the above, the Court finds the plaintiffs' motion to consolidate should be granted, and the above-captioned cases should be consolidated for all purposes.

## II. Appointment of Interim Co-Lead Class Counsel

The plaintiffs also move for appointment of Interim Co-Lead Counsel under Federal Rule of Civil Procedure 23(g)(3). The plaintiffs request that the Court appoint as Interim Co-Lead Counsel: Daniel Srourian of Srourian Law Firm, P.C., Leanna A. Loginov of Shamis & Gentile, P.A. and William B. Federman of Federman & Sherwood.

Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When appointing class counsel, interim or otherwise, Rule 23(g)(1)(A) requires the court to consider (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class." The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Manual for Complex Litigation provides that the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees, Ann. Manual Complex Lit. § 10.22 (4th ed.). "Counsel designated by the court also assume a

responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Id.*

After review of the Rule 23(g)(3) factors, the Court finds the consolidated actions would benefit from interim class counsel for efficient case management. As demonstrated by the brief and their accompanying resumes and list of accomplishments, proposed Interim Co-Lead Counsel are extremely experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting complex class action cases involving data security and privacy, and resources they are willing to expend to litigate this case. Proposed Interim Co-Lead Counsel were the first to file cases arising out of the data breach at issue, and have been involved in investigating, prosecuting, and coordinating this litigation, including preparing and filing the instant motion. Although there is no other counsel currently seeking appointment as interim lead counsel, the Court nevertheless finds appointment of interim counsel at this juncture makes sense. The Data Breach at issue in this case is alleged to have occurred in March 2026, with notice to affected individuals beginning in late July 2026. Given the relatively recent notification of potentially thousands of affected individuals at the time this motion was filed, it is reasonable to assume more lawsuits with similar or identical claims arising out of the same data breach could be forthcoming. For these reasons, the Court finds the appointment of the proposed Interim Co-Lead Counsel is appropriate under Federal Rule of Civil Procedure 23(g). Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Consolidate Cases (Filing No. 9 in Case No. 4:26CV3235) is granted.
2. The above-captioned cases are consolidated for all purposes. The Court designates *Allen v. Superb Shifts,* Case No. 4:26-cv-03235-SMB-MDN, as the "Lead Case" and Case Nos. 8:26CV409 and 8:26CV418 as "Member Cases." The Lead Case will proceed under the new title "*In re Superb Shifts Inc. Data Privacy Incident.*"
3. The Court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, until a consolidated complaint is filed in the Lead Case, the parties are instructed to file all further documents (except

as described below in subsections a. and b. of this paragraph) in the Lead Case, and to select the option "yes" in response to the System's question whether to spread the text.

a. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal. Attempting to do so will cause a system error, and therefore these documents must be separately filed in each of the lead and any member cases. When filing such documents, counsel may either file the document separately in each case or file the document in the Lead Case and ask the court to then file it in all member cases.

b. If a party believes that a document in addition to those described in subparagraph a. above should not be filed in all of these consolidated cases, the party must move for permission to file the document in a limited number of the cases. The motion must be filed in each of the consolidated cases using the spread text feature.

4. The plaintiffs shall file a Consolidated Amended Complaint in the Lead Case on or before **September 28, 2026**.

5. After the plaintiffs file their Consolidated Amended Complaint in the Lead Case, the Clerk of Court is directed to administratively close the Member Cases, and the parties are instructed to thereafter file all further documents in the Lead Case without spreading text.

6. For subsequently filed or transferred cases arising out of the same subject matter at issue in the Consolidated Lead Case, attorneys of record must notify the court that the case is related to this action pursuant to NEGenR. 1.4(a)(4)(A). The Clerk of Court shall docket a copy of this order in any subsequently filed or transferred related case. If any party objects to consolidation or otherwise wishes to seek alternative relief in a subsequently filed case, the objecting party must file a motion within 14-days of the party's first appearance in the case explaining the basis for its motion and its requested relief.

**IT IS FURTHER ORDERED:**

1. The Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel (Filing No. 9 in Case No. 4:26CV3235) is granted.
2. Daniel Srourian of Srourian Law Firm, P.C., Leanna A. Loginov of Shamis & Gentile, P.A. and William B. Federman of Federman & Sherwood are appointed as Interim Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedures 23(g)(3).
3. Interim Co-Lead Counsel shall have authority to act on behalf of the Plaintiffs and the class members in the Consolidated Action, with the responsibilities set forth below:
   a. Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;
   b. Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;
   c. Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);
   d. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;
   e. Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;
   f. Delegate specific tasks to other counsel in a matter to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;
   g. Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;
   h. Prepare and distribute periodic status reports to the parties;
   i. Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

j. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

k. Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further order of the Court; and

l. Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

4. Any additional plaintiffs' counsel will do all work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

5. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

6. Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for the System.

Dated this 28th day of August, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge